# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

### Case Nos. 1:24-cv-23119-WILLIAMS/GOODMAN
### 1:24-cv-23120-WILLIAMS/GOODMAN

EMILY CASEY, on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

MONTE NIDO & AFFILIATES
HOLDINGS, LLC,

    Defendant.
_____/

ANTHONY BRACCO, on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

MONTE NIDO HOLDINGS, LLC,

    Defendant.
_____/

**ORDER ON MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL**

In this consolidated, putative class action, Emily Casey ("Casey") and Anthony Bracco ("Bracco" and collectively, "Plaintiffs") move the Court to appoint Andrew J. Shamis (of Shamis & Gentile, P.A.) and Raina Borrelli (of Strauss Borrelli, PLLC) as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g). [ECF No. 11].[1]

United States District Judge Kathleen M. Williams referred all pretrial non-dispositive matters to the Undersigned. [ECF No. 6].

For the reasons discussed below, the Undersigned **denies** Plaintiffs' motion **without prejudice**.

I.   **Applicable Legal Standard**

The district court may appoint "interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Generally, lead interim class counsel is responsible for "protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Morrison v. Fam. Dollar Stores, Inc.*, No. 24-60294-CIV, 2024 WL 3312055, at *1 (S.D. Fla. June 11, 2024) (quoting *Manual for Complex Litigation*, (Fourth) § 21.11 (2004)).

In appointing such counsel, courts employ "the same factors used in determining

---

[1]   Unless otherwise noted, the electronic case file ("ECF") numbers in this Order correspond to Case No. 1:24-cv-231119, the lower-numbered case.

2

the adequacy of class counsel under Rule 23(g)(1)(A)," including:

> the work counsel has done in identifying or investigating potential claims in the case; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the case; counsel's knowledge of the applicable law; and the resources counsel is prepared to commit to representing the class." *Id.* (citing Fed. R. Civ. P. 23(g)(1)(C); *In re: Disposable Contact Lens Antitrust*, 2015 WL 10818781, at *1 (M.D. Fla. Oct. 7, 2015); *Bowers v. Sioux Honey Coop. Ass'n*, 2012 WL 12865846, at *2 (S.D. Fla. Dec. 14, 2012)).

*Id.*

## II.  Analysis

On August 15, 2024, Casey and Bracco each filed a putative class action stemming from the same data breach.[2] Casey's Complaint alleges that "cybercriminals had access to [Defendant]'s[3] network from September 16, 2023 until September 22, 2023," during which they had "unrestricted access to [ ] current and former patients' [protected health information]." [ECF No. 1, ¶ 4]. Bracco's Complaint makes similar allegations.[4]

---

[2]  Case Nos. 1:24-cv-23119, *Casey v. Monte Nido & Affiliates Holdings, LLC*, and 1:24-cv-231120, *Bracco v. Monte Nido Holdings, LLC*.

[3]  Casey sued Monte Nido & Affiliates Holdings, LLC, whereas Bracco sued Monte Nido Holdings, LLC. For purposes of the instant motion, the Undersigned will refer to these two entities by the singular term, "Defendant."

[4]  [ECF No. 1 in Case No. 1:24-cv-23120-KMW, ¶¶ 3 ("Monte Nido detected unusual activity in its computer systems and ultimately determined that an unauthorized third party accessed its IT network email and obtained certain files contained within between September 16, 2023, and September 22, 2023 ('Data Breach')"); 4 ("As a result of the Data Breach, which Monte Nido failed to prevent, the Private Information of Defendant's present or former patients and employees, including Plaintiff and the proposed Class members, were stolen, including their name, Social Security number, address, date of

On August 23, 2024, Casey and Bracco filed a joint motion asking Judge Williams to consolidate their cases "because the actions involve common questions of law and fact as they arise out of the same data breach involving Defendant that impacted Plaintiffs' and the Class's personal information." [ECF No. 8, p. 2].[5] Judge Williams granted the motion and consolidated the two cases. [ECF No. 10].[6]

On the same day, Plaintiffs also filed the instant motion asking that the Court appoint the law firm representing Casey (Strauss Borrelli, PLLC) and the law firm representing Bracco (Shamis & Gentile, P.A.)[7] as interim co-lead class counsel in this consolidated, putative class action.

This action is in its infancy. Plaintiffs filed the instant motion a mere eight days after filing their respective lawsuits. Casey has not yet filed a return of service, and Bracco's return of service indicates that Defendant (Monte Nido Holdings, LLC) has until

---

birth, contact information, driver's license or government identification number, individual taxpayer identification number, passport number, digital signature, financial information, workers' compensation claim information, medical information and health insurance information.")].

[5]   The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[6]   Judge Williams' Order states that "[a]ll future pleadings, motions, briefs, and other papers shall be filed in Case No. 1:24-cv-23119 *Casey v. Monte Nido & Affiliates Holdings, LLC*." [ECF No. 10, p. 2]. Notwithstanding her directive, the parties filed the instant motion in **both** 1:24-cv-23119 and 1:24-cv-231120.

[7]   Bracco is also represented by Jacobson Phillips, PLLC. It is not seeking to be appointed interim co-lead class counsel.

4

September 9, 2024 to file a response. [ECF No. 10 in Case No. 1:24-cv-23120-KMW]. Due to the newness of this action, Plaintiffs were unable to even confer with the opposing side before filing the instant motion (because no attorney has filed an appearance on behalf of Defendant).

In *Doe v. Coll. Bd.*, the court denied without prejudice a motion to appoint interim co-lead counsel "[b]ecause [the] [p]laintiffs ha[d] failed to demonstrate that [the] appointment of interim counsel [was] necessary[.]" No. 8:18-CV-2172-T-36AEP, 2019 WL 12289572, at *1 (M.D. Fla. Apr. 26, 2019). In doing so, the court noted that:

> The Manual for Complex Litigation [ ] clarifies when appointment of interim class counsel may be necessary, namely **when there is existing competition between law firms for class counsel appointment**. The Manual notes that when there are a "number of overlapping, duplicative, or competing suits pending in other courts, and some or all may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities." Manual for Complex Litigation (Fourth) § 21.11 (2004). On the other hand, "[i]f the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." *Id.*
>
> **In the absence of the aforementioned competition, courts have generally denied motions to appoint interim class counsel**. Some have gone so far as to "generally deem[ ] it necessary that consolidation of multiple actions take place prior to appointment of interim class counsel." *Mey v. Patriot Payment Gr[p.], LLC*, 2016 WL 11501481, *1 (N.D.W.V. Jan. 5, 2016) (denying without prejudice [p]laintiff's [m]otion to [a]ppoint [i]nterim [c]lass [c]ounsel) (citing *Donaldson v. Pharmacia Pension Plan*, 2006 U.S. Dist. LEXIS 28607, *4–5 (S.D. Ill. 2006); *Burns v. Navistar, Inc.*, 2011 U.S. Dist. LEXIS 18147, *8–9 (S.D. Cal. 2011); *Smith v. Aon Corp.*, 2006 U.S. Dist. LEXIS 27297, *2 (N.D. Ill. 2006); *In re Delphi ERISA Litig.*, 230 F.R.D. 496 (E.D. Mich. 2005); *Amador v. Logistics Express, Inc.*, 2010 U.S. Dist. LEXIS 79340 (C.D. Cal.

2008)). Other courts have acknowledged the possibility of appointing interim class counsel before consolidation, but they nonetheless appear to require, at a minimum, either the possibility of consolidation or active competition among law firms for class counsel appointment. *See, e.g., In Re Seagate Techn[.]LLC Litig[.]*, 2016 WL 3401989 (N.D. Cal. June 21, 2016) ("[T]his case does not involve competing lawsuits pending in district court that may be consolidated in the near future, nor is there a gaggle of law firms jockeying to be appointed class counsel."). Courts within the Eleventh Circuit that have addressed this issue are in accord with the above. *See Bedwell v. Braztech Int'l, L.C.*, 2018 U.S. Dist. LEXIS 21592, *23-24 (S.D. Fla. Feb. 9, 2018) ("Here, appointing interim class counsel is unnecessary because there are no other lawyers competing for class counsel appointment and there are no other duplicative lawsuits pending in other courts."); *Bowers v. Sioux Honey Coop. Ass'n*, 2012 U.S. Dist. LEXIS 192071, *2, *9 (granting a motion to appoint interim lead counsel only when faced with "competing motions to appoint interim lead class counsel").

*Id.* (emphasis added).

The *Doe* Court noted that "[the] lawyers who originally filed suit [were] the only lawyers currently seeking appointment as class counsel." *Id.* at *2. It reasoned that "[b]ecause [the] [p]laintiffs' attorneys [were] already bound by that fiduciary duty—not only to named [p]laintiffs but also 'to the class as a whole,' Fed. R. Civ. P. 23 Advisory Note—[it] [found] [the] [p]laintiffs' motion *premature*." *Id.* (emphasis added).

Similarly here, the law firms representing Plaintiffs are the only law firms in the case. The Undersigned notes that, to date, there are two other putative class action lawsuits against Monte Nido Holdings, LLC stemming from the same breach: 1:24-cv-23222-JB, *Rosenberg v. Monte Nido Holdings, LLC,* and 1:24-cv-23252-DPG, *Choi v. Monte Nido Holdings, LLC.* But those cases have not (yet) been consolidated with the instant case. At present, there are no other competing law firms seeking the interim class counsel

designation. Accordingly, at this nascent stage in the litigation, it is not necessary to appoint interim class counsel.

### III. Conclusion

For the reasons stated above, the Undersigned **denies without prejudice** Plaintiffs' Motion to Appoint Interim Lead Class Counsel [ECF No. 11]. If an attorney competing for class counsel appointment appears in the case, then Plaintiffs may renew their motion. Any re-filed motion must address the necessity of the requested appointment and be accompanied by a proposed order.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on August 27, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record